UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK GRAY,              )
                           )
        Petitioner,        )
                           )
    vs.                    )    No. 4:05-CV-2419 (CEJ)
                           )
JAMES PURKETT,             )
                           )
        Respondent.        )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On November 20, 2008, Judge Buckles issued a Report and Recommendation, recommending that the petition of Patrick Gray for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

**I.    Background**

On June 21, 2000, a jury in the Circuit Court of St. Louis City, Missouri, convicted petitioner of one count of statutory rape in the first degree and one count of armed criminal action. The court found petitioner to be a prior and persistent offender and, on August 4, 2000, sentenced petitioner to two concurrent terms of life imprisonment. On April 17, 2001, the Missouri Court of Appeals affirmed petitioner's conviction and sentences on direct appeal.

State v. Gray, 46 S.W.3d 583 (Mo. Ct. App. 2001).  The mandate was issued on July 3, 2001.

Petitioner appealed the denial by filing a *pro se* motion for post-conviction relief pursuant to Rule 29.15, Mo.S.Ct.R.  The Missouri Court of Appeals affirmed the denial on February 22, 2005, Gray v. State, 160 S.W.3d 406 (Mo. Ct. App. 2005), and the mandate was issued on March 28, 2005.

On December 30, 2005, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254, asserting four claims for federal habeas relief:

> 1. Trial counsel was ineffective for failing to object to evidence that petitioner committed three acts of statutory rape against E.W.[1] when the state charged petitioner with only one;
>
> 2. The trial court erroneously denied petitioner's motion for mistrial after admitting, through the testimony of Detective Lisa Reynolds-Korobey, hearsay statements of P.W.;
>
> 3. The trial court erroneously admitted, through the medical records and testimony of Dr. Barry, hearsay statements of E.W., O.W. and V.W. identifying petitioner as the perpetrator; and

---

[1] In his Report and Recommendation, Judge Buckles stated:

The record reflects that petitioner has three children, all of whom testified during petitioner's trial.  To protect their privacy, they will be identified herein by their initials only, which are, in descending order of age: E.W., P.W., and O.W.  The mother of these children will be identified herein by her initials, V.W., only.

E.W. and O.W. are petitioner's daughters, and the state originally brought charges against petitioner regarding both of them.  P.W. is petitioner's son.  The state brought no charges regarding him, but he testified during petitioner's trial.

(Doc. #17 n.2).

4. Newly discovered evidence, in the form of the affidavits of V.W. and E.W., establish petitioner's "actual and factual innocence."

(Doc. #3, at 5-13; #17, at 4). After review, Judge Buckles recommended that petitioner's first three claims be dismissed and determined that petitioner's remaining claim was not cognizable under § 2254. Petitioner has filed an objection to the merits of his first three claims; however, petitioner has not objected to Judge Buckles' determination that his claim of actual innocence based on newly discovered evidence is not cognizable under § 2254.

**II. Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

In his first objection, petitioner argues the magistrate judge "never once consider[ed] that evidence of unrelated crimes . . . is inadmissible unless such evidence has a legitimate tendency to establish Petitioner's guilt of the crimes charged and to establish motive, intent, absence of mistake or accident, a common plan or the identity of the said Petitioner." (Doc. #20, at 2). The magistrate judge, however, made that consideration when he noted that:

> [T]he state court . . . found that the evidence in question was admissible under Missouri law, and state law governs questions concerning the admissibility of evidence. This [was] consistent with clearly established federal law, allowing the admission of evidence of other

- 3 -

>     crimes, wrongs or act to prove "motive, opportunity,
>     intent, preparation, plan, knowledge, identity, or absence
>     of mistake or accident."

(Doc. #17, at 17)(internal citations omitted). In his objections, petitioner even admitted that the state court's "admission of the [uncharged] acts . . . were not submitted for the truth of the matter . . . ." (Doc. #20, at 2). The magistrate judge properly concluded that petitioner failed to show that he was prejudiced by such evidence because "petitioner was acquitted of the charges involving O.W. despite the evidence concerning the uncharged sexual misconduct against her sister." (Doc. #20, at 19). The magistrate judge found, and the Court agrees, that the state court decision was not contrary to, nor involved an unreasonable application, of clearly established law. Therefore, petitioner's first objection is denied.

Petitioner's second objection is that the magistrate judge erred in finding that, because the trial court instructed the jury to disregard P.W.'s testimony, there was no error in the trial court's admission of Detective Reynolds-Korobey's testimony. Petitioner cites Pennsylvania v. Ritchie, 480 U.S. 54 (1987), in support of his claim that "the Court completely overlooked the essential portion of [his] right to confront his accuser and [to] a fair and impartial trial . . . ." (Doc. #20, at 5). Petitioner's contention is without merit. First, "[t]he [state] court . . . found that petitioner was not prejudiced because P.W. testified at trial, and was subject to cross-examination." (Doc. #17, at 21). Furthermore, as the magistrate judge found, "it cannot be said that the evidence was sufficiently prejudicial as to fatally infect petitioner's trial,

inasmuch as he was acquitted of the charges against O.W., and in light of E.W.'s obviously persuasive testimony before the jury as to petitioner's action against her." (Doc. #17, at 23). Therefore, petitioner's second objection is denied.

In his final objection, petitioner argues that the magistrate judge erred in finding that he was not denied or deprived of his constitutional rights by the state court's admission of the hearsay statements of E.W., O.W., and V.W., which came into evidence via the admission of Dr. Barry's medical records and testimony concerning those records. (Doc. #17, at 24-25; #20, at 6). Petitioner contends that the "out-of-court statements were used to identify [him] as the perpetrator and were not admissible" under any hearsay exception. (Doc. #20, at 6). Although the state court admitted hearsay statements of E.W. and O.W., "[p]etitioner cannot demonstrate that the admission of [such] statements violated his right to confrontation, inasmuch as both children testified during trial and were cross-examined by petitioner's attorney." (Doc. #17, at 27). With respect to V.M.'s statements, the Court agrees with the magistrate judge that:

> Even though V.W. never testified in the presence of the jury, her statements were not hearsay . . . because they were not introduced to prove the truth of the matters asserted. They were admitted merely to serve as background for Dr. Barry's opinion, inasmuch as they explained the information upon which he relied in examining the children and forming his opinion.

(Doc. #17, at 27-28). Therefore, the Court believes that further discussion of this objection is not warranted, and this objection is denied.

Petitioner's objections to the Report and Recommendation are overruled. Petitioner has not shown that the prior adjudication of his claims in the state courts was contrary to, or involved an unreasonable application of, clearly established federal law. Nor has petitioner demonstrated that the state courts' adjudication was based on an unreasonable determination of the facts in light of the evidence presented. The Court, therefore, finds that petitioner is not entitled to federal habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles [Doc. #17] is **sustained, adopted, and incorporated** herein.

**IT IS FURTHER ORDERED** that the petition of Patrick Gray for habeas corpus relief [Doc. #3] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2009.